**UNITED STATES of America, Plaintiff-Appellee**

**v.**

**Vincent WEST, Defendant-Appellant**

**No. 17-30137**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed November 1, 2017

Camille Ann Domingue, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Lafayette, LA, for Plaintiff-Appellee

Betty Lee Marak, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, Middle & Western Districts of Louisiana, Shreveport, LA, for Defendant-Appellant

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

Vincent West, federal prisoner # 09035-035, was convicted, pursuant to a guilty plea in 2006, of possessing cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and re-

published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

ceived a below-Guidelines 151-month prison sentence; it was reduced in 2013 to 127 months' imprisonment. He challenges the court's denial of his 18 U.S.C. § 3582(c)(2) motion, filed in 2015, seeking a reduction of his sentence based on Amendment 782 to the United States Sentencing Guidelines. In doing so, he claims: the court made a clearly erroneous assessment of the facts when it concluded he continued to pose a danger to the community; erred by not according more weight to his good behavior while incarcerated; and abused its discretion by denying his motion.

The court's denial of West's § 3582(c)(2) motion is reviewed for abuse of discretion, "its interpretation of the Guidelines *de novo*, and its findings of fact for clear error". *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). In denying a § 3582(c)(2) sentence reduction, "[a] district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence". *Id.* (internal quotation marks and citation omitted). If the record shows the court analyzed the motion as a whole and considered the 18 U.S.C. § 3553(a) sentencing factors, even implicitly, there is no abuse of discretion. *See id.* at 718; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). This is because § 3582(c)(2) reductions are never mandatory, but rather within the court's discretion "under limited circumstances". *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).

The record shows the court considered the motion as a whole and considered the 18 U.S.C. § 3553(a) sentencing factors. The court had before it the motion for reduction, the retroactivity report, and the parties' assertions. The factors West believes warranted a reduction were presented in the probation officer's report, and therefore considered by the court. Al-

though the court was not required to provide reasons for denying West's motion, *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009), it explained the "motion [was] denied due to the defendant's underlying conduct in the instant offense as well as his being a danger to the community". West's disagreement with the court's weighing of factors is insufficient to demonstrate the requisite abuse of discretion. *See Henderson*, 636 F.3d at 718–19.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has

determined that this opinion should not be